UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
COURT FILE NO.: _____

| | |
|---|---|
| **TIMOTHY T. CLEMENTS**, <br><br> Plaintiff, <br> v. <br><br> **NCO FINANCIAL SYSTEMS, INC.,** <br><br> Defendant. | **COMPLAINT** <br><br><br> **JURY TRIAL DEMANDED** |

## INTRODUCTION

This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, *et seq.*, North Carolina's Prohibited Practices by Collection Agencies Act at N.C. Gen. Stat. § 58-70-90 *et. seq.* ("NCPPCA") and the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq.* ("TCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive and unfair practices. Congress enacted the FDCPA after finding extensive evidence that many debt collectors were abusive and deceptive in their attempts to collect on debts. Two main purposes stated by Congress for enacting the FDCPA were to eliminate abusive and deceptive debt collection practices and to ensure that those debt collectors who refrain from abusive practices are not competitively disadvantaged. *U.S. v. Nat'l Fin. Servs., Inc.*, 98 F.3d 131, 135 (4th Cir. 1996).

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and supplemental jurisdiction pursuant to 28 U.S.C. § 1367 for TCPA claims and for pendent state law claims.

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"), North Carolina's Prohibited Practices by Collection Agencies Act at N.C. Gen. Stat. § 58-70-90 *et. seq*. ("NCPPCA"), the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq*. ("TCPA") and out of the invasions of Plaintiff's personal and financial privacy by this Defendant and its agents in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant and its agents transact business here.

4. This case is brought within one year of the violations in compliance with the statute of limitations at 15 U.S.C. § 1692k(d) and within four years of violation of state law.

## PARTIES

5. Plaintiff Timothy T. Clements is a natural person who resides in the City of Denver, County of Catawba, State of North Carolina, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Plaintiff is also a "consumer" as defined by North Carolina's Prohibited Practices by Collection Agencies statute at N.C. Gen. Stat. § 58-70-90(2).

7. Defendant NCO Financial Systems, Inc., (hereinafter "NCO") is a collection agency and a Pennsylvania corporation operating from an address of 507 Prudential Road, Horsham, PA and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

8. NCO was and is also a "collection agency" as defined by North Carolina's Prohibited Practices by Collection Agencies statute at N.C. Gen. Stat. §§ 58-70-15 and 58-70-90.

9. Defendant is engaged in the collection of debts from North Carolina consumers using the mail, internet and the telephone among other means.

10. Defendant regularly attempts to collect consumer debts alleged to be due to another.

11. At all times relevant to the subject matter of this Complaint, Defendant was engaged in commerce in North Carolina.

## FACTUAL ALLEGATIONS

12. Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a credit card debt.

13. The alleged debt in this matter is also a "debt" alleged to be owed as defined by North Carolina's Prohibited Practices by Collection Agencies statute at N.C. Gen. Stat. § 58-70-90(3).

14. Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant for collection from this Plaintiff.

15. In December of 2011 Plaintiff began to receive numerous telephone calls to his cellular telephone from Defendant's agents in attempts to collect a debt.

16. These telephone calls were "communications" in an attempt to collect a debt as defined at 15 U.S.C. 1692a(2).

17. Plaintiff requested proof and verification of the alleged debt on multiple occasions from several different representatives of Defendant.

18. Defendant has been unwilling or unable to provide proof or verification of the alleged debt to Plaintiff.

19. In verbal communications with Plaintiff, agents of Defendant, specifically a Mr. Ravelle, did not inform Plaintiff that they were attempting to collect a debt and that any information obtained would be used for that purpose.

20. All of the above-described collection communications made to Plaintiff by Defendant were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692d(6), 1692e, 1692e(10), 1692e(11), and 1692f, amongst others.

21. Defendant is liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA, the TCPA and North Carolina law, in their attempts to collect this debt from Plaintiff.

## TRIAL BY JURY

22. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 *et seq.*

23. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. Defendant in making misleading statements regarding the debt and that they were sending documentation of the alleged debt have engaged in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt in violation of the FDCPA at 15 U.S.C. § 1692d.

25. Defendant's agents in communicating with Plaintiff via telephone without clearly identifying the name of the company they work for have placed telephone calls without

meaningful disclosure of their identity in violation of the FDCPA at 15 U.S.C. § 1692d(6).

26. Defendant in telling the Plaintiff it was sending or had sent documentation of the alleged debt used false, deceptive, or misleading representations or means in connection with the collection of a debt in violation of the FDCPA at 15 U.S.C. § 1692e and 1692e(10).

27. Defendant in failing to disclose to Plaintiff in any verbal communication that it is a debt collector attempting to collect a debt and that any information obtained will be used for that purpose has violated the FDCPA at 15 U.S.C. § 1692e(11).

28. Defendant in telling the Plaintiff it was sending or had sent documentation of the alleged debt used unfair or unconscionable means in connection with the collection of a debt in violation of the FDCPA at 15 U.S.C. § 1692f.

29. The actions of Defendant and its agents have proximately caused injury to Plaintiff in the form of emotional distress, humiliation, embarrassment, and mental anguish.

30. The foregoing acts and omissions of each and every Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq.*, with respect to this Plaintiff.

31. As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

## COUNT II.

**Violations of the North Carolina Prohibited Practices by Collection Agencies**

**N.C. Gen. Stat. §58-70-90,** *et. seq.*

32. The allegations of the preceding paragraphs are re-alleged and incorporated by reference as if set forth fully herein.

33. Defendant in telling the Plaintiff it was sending or had sent documentation of the alleged debt used false, deceptive, or misleading representations or means in connection with the collection of a debt has used fraudulent, deceptive, or misleading representations in attempting to collect a debt in violation of the NCPPCA at N.C. Gen. Stat. § 58-70-110.

34. Defendant in communicating with Plaintiff without disclosing that they were debt collectors attempting to collect a debt have attempted to collect a debt by fraudulent, deceptive or misleading representations and have repeatedly violated the NCPPCA at N.C. Gen. Stat. § 58-70-110(2).

35. As a result of Defendant's violations of the North Carolina Prohibited Practices by Collection Agencies Act, the Plaintiff is entitled to actual damages and to statutory damages in an amount not less than $500.00 but no greater than $4,000.00 per violation pursuant to N.C. Gen. Stat. §58-70-130; and, reasonable attorney's fees and costs pursuant to N.C. Gen. Stat. §75-16.

36. The above violations of the North Carolina Prohibited Practices by Collection Agencies Act constitute unfair or deceptive acts or practices proscribed in N.C. Gen. Stat. 75-1.1.

37. The actions of Defendant and its agents have proximately caused injury to Plaintiff in the form of emotional distress, humiliation, embarrassment, and mental anguish.

## COUNT III.

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

**47 U.S.C §227,** *et seq.*

38. The allegations of the preceding paragraphs are re-alleged and incorporated by reference as if set forth fully herein.

39. Defendant used an automatic telephone dialing system or a prerecorded or artificial voice to place telephone calls to Plaintiff's cellular telephone.

40. Defendant left the following message or one substantially similar on Plaintiff's cellular telephone on multiple occasions:

    "Hey, Tim how are you, good morning. This is Mr. Ravelle calling with CitiBank NCO just wanted to follow up with you pertaining the conversation held last week regarding the settlement. You can give me a call when you get a chance. I'll be in the office today until about 7 pm this evening. I can be reached directly to my office at 866-478-2723. Again that's 866-478-2723. Thanks Tim"

41. Plaintiff did not expressly consent to Defendant's placement of telephone calls to his cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

42. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

*Summary*

43. The above-detailed conduct by Defendant of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, TCPA and NCPPCA, including but not limited to all of the above mentioned provisions of the FDCPA, TCPA and NCPPCA, as well as an invasion of Plaintiff's privacy and resulted in actual damages to Plaintiff.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

## COUNT I.

## VIOLATIONS OF THE FDCPA

## 15 U.S.C. § 1692 et seq.

1. For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendant and for Plaintiff;

2. For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendant and for Plaintiff;

3. For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendant and for Plaintiff;

## COUNT II.

## VIOLATIONS OF THE NCPPA

1. For an award of actual damages in an amount to be determined at trial and $4000 in statutory damages per violation pursuant to the violations of N.C. Gen. Stat. § 58-70-90, *et. seq.* alleged therein;

2. For an award of costs of litigation and reasonable attorney's fees pursuant to N.C. Gen. Stat. § 75-16.1 from the Defendant;

3. For an award of any discretionary costs as may be allowable by law, pre-judgment and post-judgment interest from the Defendant;

4. For a trial before a jury on all issues so triable;

5. For such other and further relief as may be just and proper.

## COUNT III

## VIOLATIONS OF THE TCPA

1. That the Court declare that Defendant's calls violate the TCPA;

2. That the Court issue a permanent injunction prohibiting Defendant from placing non-emergency calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice without Plaintiff's prior express consent;

3. For an award of actual damages in an amount to be determined at trial and $500.00 in statutory damages per violation and $1,500.00 for each willful or knowing violation pursuant to 47 U.S.C §227 (b)(3);

4. For a trial before a jury on all issues so triable;

5. For such other and further relief as may be just and proper.

Respectfully submitted,

Dated: January 27, 2012

s/Travis E. Collum
N.C. Bar No. 29158
Attorney for Plaintiff
Collum & Perry, PLLC
Post Office Box 1739
Mooresville, NC 28115
Telephone: (704) 663-4187
Facsimile: (704) 663-4178
travis@collumperry.com